AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Utah

FILED
2026 JUL 27 PM 3:15
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>A BLACK MOTOROLA CELLULAR PHONE<br>POSSESSED/USED BY JAIME LUVIANO MARTINEZ | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.    4:26-mj-00049 PK

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A, incorporated by reference and attached hereto.

located in the _____ District of _____ Utah _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See ATTACHMENT B, incorporated by reference and attached hereto.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;

- ☑ contraband, fruits of crime, or other items illegally possessed;

- ☑ property designed for use, intended for use, or used in committing a crime;

- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of, and possession with intent to distribute controlled substances; |
| 21 U.S.C. § 846) | Conspiracy to disribute controlled substances. |

The application is based on these facts:

See AFFIDAVIT of FBI SA Chafin Cox, incorporated by reference.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Chafin Cox
_____
*Applicant's signature*

Chafin Cox, Special Agent
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ *(specify reliable electronic means)*.

Date:    7/27/2026

_____
*Judge's signature*

City and state:   St. George, Utah

PAUL KOHLER, U.S. Magistrate Judge
_____
*Printed name and title*

MELISSA HOLYOAK, United States Attorney (#9832)
BRADY WILSON, Assistant United States Attorney (#17350)
Attorneys for the United States of America
20 North Main Street, Suite 208
St. George, Utah  84770
Telephone:  (435) 634-4266
brady.wilson@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A WARRANT AUTHORIZING THE SEARCH OF A BLACK MOTOROLA CELLULAR PHONE POSSESSED/USED BY JAIME LUVIANO MARTINEZ | **FILED UNDER SEAL**<br><br>AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT<br><br><br>Case No.  4:26-mj-00049 PK |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, CHAFIN COX, Special Agent with the Federal Bureau of Investigation, United States Department of Justice, being duly sworn, state as follows:

### I.    AFFIANT BACKGROUND AND QUALIFICATIONS

1. I am a Federal Bureau of Investigation (FBI) Special Agent currently assigned to the Salt Lake Division, St. George Resident Agency and work closely with the Washington

County Drug Task Force (WCDTF).  I have been employed as a Special Agent of the FBI since July 2018.

2.  By virtue of my training and experience, and my interactions with other experienced agents who conduct drug investigations, I am familiar with the methods used by drug traffickers to: (1) import, transport, store, safeguard, and distribute drugs; (2) collect, transport, store, safeguard, remit, and/or launder drug proceeds; (3) obtain and utilize telephones, computers, and other devices in order to communicate with each other, as well as the jargon and/or codes commonly used when they refer to drugs and/or drug proceeds. I have become familiar with the day-to-day operations and the various tools, methods, trends, paraphernalia, and related articles utilized by various traffickers in their efforts to manufacture, possess, import, conceal, package, use, and distribute illegal drugs.

## II.    KNOWLEDGE BASED ON TRAINING AND EXPERIENCE

3.  Based upon my training and experience, and conversations with, and training from, other officers and agents involved in narcotics investigations, I know the following:

a.  Traffickers of controlled substances commonly maintain addresses or telephone numbers which reflect names, addresses and/or telephone numbers of their suppliers, customers and associates in the trafficking organization, and it is common to find drug traffickers keeping records of said associates in cellular telephones and other electronic devices.

b.  It is common for drug dealers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their vehicles, residences,

premises under their control, and/or storage units for their ready access and to conceal them from law enforcement, including within safes in those locations.

c. Traffickers often maintain cellular telephones and other electronic storage devices for ready access to their clientele and to maintain their ongoing illegal drug business. Traffickers frequently change their cellular telephone numbers and/or utilize many other methods of communication to avoid detection by law enforcement, to include the use of VoIP and various other media like electronic storage devices.

d. Traffickers maintain evidence of their criminal activity at locations that are convenient to them, including their residences, vehicles and the internet, by virtue of their computers and electronic storage devices. This evidence often includes financial records, records of property and vehicle ownership, records of property rented, records of post office boxes used to ship and receive contraband and currency, records of storage facilities used to hide drugs or currency, and other documentary evidence relating to commission of, and proceeds from, their crimes.

e. Traffickers frequently maintain records, books, notes, ledgers, travel documents, and other papers relating to the transportation and distribution of controlled substances in locations convenient to them, such as their residences, vehicles, cellular telephones and electronic storage devices.

f.  Traffickers often have false identification documents and identification documents in the names of others, stashed physically or stored electronically on cellular telephones or in electronic storage devices.

g.  Traffickers often maintain weapons, including firearms, ammunition, and magazines, in secure locations such as their residences and vehicles, in order to protect their drugs and drug proceeds.

h.  Illegal drug traffickers sometimes take or cause to be taken photographs and/or video recordings of themselves, their associates, their property, and their illegal product. These individuals usually maintain these photographs and recordings in their possession, at their premises, or on their cellular telephones or in electronic storage devices.

### III.  PURPOSE OF AFFIDAVIT

4.  As described herein, there is probable cause to believe Martinez, and others, known and unknown, have been committing, are committing, and are continuing to commit, the following offenses:

a.  Distribution of, and possession with intent to distribute, controlled substances, in violation of Title 21, United States Code, Section 841(a);

b.  Conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Sections 841 and 846; and

c.  Use of communications facility to commit, facilitate, or further an act or acts which constitute a felony, in violation of Title 21, United States Code, Section 843(b).

5.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. Chapter 205 to authorize the search of a black Motorola 50 MP Quad Pixel cellular phone ("the **Subject Device**"), further described in Attachment A, for evidence described in Attachment B.  The **Subject Device** was seized from Jaime Luviano Martinez's person during the service of a federal arrest warrant in Mesquite, Nevada on July 16, 2026.  The **Subject Device** is currently secured in FBI evidence.

6.  Since this affidavit is being submitted for the limited purpose of obtaining authority to search the **Subject Device**, I have not included every fact known concerning this investigation.  I have set forth only the facts that I believe are essential for a fair determination of probable cause for the requested search warrant.

## IV.  **PROBABLE CAUSE**

7.  Since approximately October 2025, the FBI has been investigating a drug trafficking organization ("DTO") operating in St. George, Utah.  Investigators have been able to identify that DTO member Jaime Luviano Martinez possessed and distributed narcotics in Mesquite, Nevada that were ultimately trafficked into and around St George, Utah.  Investigators believe that the DTO obtains and distributes narcotics that are sourced from Mexico transported through Phoenix, Arizona and Las Vegas, Nevada and then, for at least for some of the narcotics, to Mesquite, Nevada, and St George, Utah.

8.  On March 5, 2026, investigators executed a federal search warrant issued in the District of Nevada, at 155 Navajo St., Mesquite, Nevada—Luviano  Martinez lived and operated a drug stash house out of this location. During the search, investigators located

over 50 grams of methamphetamine and a scale in Martinez's room. Due to evidence seized at the search location that was attributable to Luviano Martinez, he was arrested by the Mesquite Police Department (the MPD) on drug trafficking charges and a charge of possession of a firearm by a prohibited person.

9. Martinez's cellular phone, which he had on his person at the time of the arrest, was seized as evidence by the MPD. I applied for and obtained a federal warrant to search that cellular phone. That warrant was approved by Judge Kohler, under Case No. 4:26-mj-00021 PK (SEALED), on April 13, 2026. On April 14, 2026, I served the search warrant for Martinez's cellular phone. I viewed texts messages between Martinez and an individual labeled as "Sonorra" (this was determined to be indicted co-conspirator Javier Sanchez Cuen (Cuen)). The messages were in Spanish, therefore I reviewed them with an investigator fluent in Spanish. The texts messages between Martinez and Cuen appeared to be, at least in part, about details of potential drug transactions and/or pictures/videos of firearms.

10. On July 14, 2026, Martinez (along with Cuen and two others) was indicted by a federal grand jury in Utah on drug charges and related offenses (4:26-cr-00058). On July 16, 2026, FBI Agents and MPD Officers executed the federal arrest warrant issued following the indictment, for Luviano Martinez. Agents/Officers identified Martinez operating a vehicle in/around Mesquite, NV and conducted a traffic stop of the vehicle Martinez was operating. Martinez was taken into custody and transported to the Purgatory Correctional Facility (PCF) located in Hurricane, UT. The **Subject Device** was seized from Martinez during his arrest.

11.  Agents interviewed Martinez after his arrest.  After being advised of his *Miranda* rights, Martinez acknowledged to Agents that he understood his rights and voluntarily spoke to agents without a lawyer present.  Martinez admitted to Agents that he was involved in the distribution of methamphetamine and that he had specifically distributed methamphetamine to "Sonorra" or "Javier" and "Ivan".  Investigators have identified these individuals as DTO co-conspirators Javier Sanchez Cuen and Roy Ivan Miranda Sanchez (Sanchez).   Investigators have identified that Cuen and Sanchez have distributed methamphetamine in St. George Utah/Washington County.

12. During the interview, Martinez admitted to Agents that he had some narcotics concealed in or on his person.  Martinez told Agents that he had concealed the narcotics there during the traffic stop pursuant to his arrest.  Approximately 11 grams of suspected methamphetamine was recovered from Martinez's person when he was booked into PCF on July 16, 2026, after his arrest.

## CONCLUSION

13. Based on the facts set forth in this affidavit, I respectfully submit that there is probable cause to believe that the **Subject Device** was used by Martinez in furtherance/facilitation of illegal drug trafficking, and that the information sought herein will materially aid the investigation.

14. I further believe that information concerning the aforementioned offenses will be obtained by searching and collecting the data from the **Subject Device**, as it will assist investigators in understanding connections between already known people and places involved in the conspiracy, and assist in identifying currently unidentified targets.

RESPECTFULLY SUBMITTED this 27th day of July, 2026.


  */s/ Chafin Cox*
  CHAFIN COX, Special Agent
  Federal Bureau of Investigation


Subscribed and sworn to before me this __27th__ day of July, 2026.


  JUDGE PAUL KOHLER
  United States Magistrate Judge

**ATTACHMENT A (PAGE 1 OF 1)**

PROPERTY TO BE SEARCHED

The property to be searched is a black Motorola 50 MP Quad Pixel cellular phone currently in FBI evidence. That cellular phone was seized from the person of Jaime Luviano Martinez during the execution of a federal warrant for Martinez's arrest in Mesquite, Nevada on July 16, 2026.



**ATTACHMENT B (PAGE 1 OF 2)**

ITEMS TO BE SEIZED

Evidence of the commission of, the fruits of, or property which has been used as the means of committing the offenses of possession with intent to distribute, and distribution of, controlled substances and conspiracy to do so, in violation of 21 U.S.C. 841(a)(1) and 846, including:

1. **Assigned number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);**

2. **Stored list of recent received, sent, or missed calls;**

3. **Stored contact information;**

4. **Location data;**

5. **Electronic messages, including stored short message service (SMS) text messages or similar messaging services messages, where the data is stored on the telephone related in any way to the distribution or attempted distribution of controlled substances and related to persons engaged in such activity;**

6. **Stored photographs and recordings, including any embedded OPS data associated with these photographs/recordings, of:**

    a. Controlled substances and paraphernalia;
    b. Transaction records;
        i. Documents such as ledgers, receipts, notes, travel records, vehicle records, and similar items relating to the cultivation, acquisition, storage, transportation, and distribution of controlled substances.
    c. Customer and Supplier Information;
        i. Items identifying drug customers and drug suppliers, such as telephone records, personal address books, correspondence, diaries, calendars, papers with phone numbers and names, and similar items.
    d. Currency, Financial Records, and Other Valuables;
        i. Financial records that appear to refer to information in 2025 and later that show income, expenses, and large cash transactions, including bank records, safety deposit box records, credit and debit cards and related records, records, bills, receipts for personal property, tax returns, money wire or transfer records, purchase and sale records for gold and other valuables, and similar items, and registration information, ownership documents, or other evidence of ownership

**ATTACHMENT B (PAGE 2 OF 2)**

ITEMS TO BE SEIZED

      ii. of property (whether by individuals or business entities) including, but not limited to real property, vehicles, and personal property.

     iii. Any negotiable or other valuable instruments such as checks and money orders and other forms of financial remuneration, and gold, other precious metals, valuable jewelry and gems, evidencing the obtaining, secreting, transfer, and/or concealment of assets and/or expenditures of money.

e. Safes;

f. Travel documents;

     i. Documents showing travel within the past two years, including but not limited to passports, itineraries, receipts, airline and other common carrier tickets and receipts, hotel reservations and receipts, and car rental reservations and receipts.

g. Codes;

     i. Evidence of codes used in the distribution of controlled substances, including but not limited to passwords, code books, cypher or decryption keys, and similar information.

h. Employment information;

     i. Correspondence, papers, records, and any other items showing employment or lack of employment.

i. Guns or other weapons; and

j. Electronic messages, including stored short message service (SMS) text messages or similar messaging services messages, where the data is stored on the telephone related in any way to the distribution or attempted distribution of controlled substances and related to persons engaged in such activity.